UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19-cr-00579 |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| CORTEZ COLLINS, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) | (Resolving Doc. 235) |

This matter is before the Court on the *Unopposed Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 235) (the "Motion") filed by Defendant Cortez Collins ("Collins"). The United States of America has not responded to the Motion.

For the reasons stated below, the Motion is DENIED.

**I.   BACKGROUND**

A federal grand jury charged Collins with conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B), and (b)(1)(C) (Count One), possession with intent to distribute carfentanil in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Two), interstate transportation in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3) (Count Three), and five counts of use of a communications facility to facilitate a felony drug offense in violation of 21 U.S.C. § 843(b) (Counts 11 – 15). Doc. 11. Pursuant to a plea agreement, Collins pled guilty as to Counts One and Two. Doc. 188.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI"). Doc. 163. The PSI indicated Collins had a total offense level of 30 and a criminal history category of III, therefore his advisory

1

guideline range was 121–151 months. Doc. 163 at p. 20, ¶ 91. The Court ultimately varied down and sentenced Collins to a term of 110 months' imprisonment as to Counts One and Two; Counts Three and 11 – 15 were dismissed. Doc. 210.

After Collins' sentencing, the United States Sentencing Commission issued Amendment 821. It is undisputed that Collins' criminal history points would be lower under the Amendment resulting in a reduced advisory guideline range of 108–135 months. Collins now seeks retroactive application of Amendment 821 to reduce his sentence to 108 months.

## II. LAW AND ANALYSIS

### A. Legal Standard

A defendant who has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825"). The Court must employ a two-step approach to deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need

for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

    **B. Analysis**

In the Motion, Collins asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, his advisory range is lowered to 108–135 months as opposed to the 121–151 months used at the time of sentencing. Doc. 235 at 3. Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

At the time of sentencing, Collins' total criminal history points were five (5). Doc. 163 at p. 14, ¶ 57. Three (3) of those points was the result of previous criminal convictions pursuant to U.S.S.G. § 4A1.1(c). Doc. 163 at pp. 12–13, ¶¶ 49–52. Two (2) additional points were added in accordance with the then-current § 4A1.1(d)[1] because the underlying offenses were committed

---

[1] U.S.S.G. § 4A1.1(d) previously provided for "[two] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 removed this language and substituted it with the new subsection (e).

while Collins was on probation for state charges. Doc. 163 at p. 14, ¶ 56. Collins now argues that the new § 4A1.1(e) would apply to adjust his guidelines range because he would not receive any additional criminal history points due to the offenses taking place while he was on probation, therefore his total criminal history points would be three (3) under the new calculation. The Court finds that Amendment 821 affects Collins' criminal history computation and he is thus eligible for consideration of a sentence reduction.

However, upon consideration of the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of Collins' case. *See Jones*, 980 F.3d at 1107. This is first due to Collins' criminal history. *See* 18 U.S.C. §§ 3553(a)(1). Collins' first arrest happened at 16 years old when he committed aggravated robbery. Doc. 163 at p. 10, ¶ 40. His criminal activity continued as an adult, when he was found guilty of various charges almost 15 times by the age of 26, including traffic offenses, tampering with evidence, assault, and attempted forgery. Doc. 163 at pp. 10–54, ¶¶ 41–54. Second, the Court must consider the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. § 3553(a)(2). Collins engaged in a scheme with many others to conduct drug trafficking activity related to heroin and fentanyl. Doc. 163 at pp. 5–6, ¶¶ 9–17. At the time of sentencing, the Court considered these factors and found a downward variance to be appropriate given the circumstances of Collins' case. The Court determined that a 110-month sentence promoted respect for the law, afforded adequate deterrence, and protected the public. Doc. 211; *See also* 18 U.S.C. § 3553(a)(2).

Given the facts and after consideration of the need for the sentence imposed to protect the public and offer adequate deterrence, the Court finds a reduction to Collins' 110-month sentence is not warranted. The Court's imposition of the downward variance to a 110-month sentence was

sufficient but not greater than necessary, and if sentenced today with a two-point reduction pursuant to Amendment 821, this Court would impose the same sentence.

### III. CONCLUSION

For the reasons stated above, the *Unopposed Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 235) is DENIED.

Date: March 21, 2024 /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE